# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 20-0458** (Wood County 19-F-278)

**Richard Owen Sample,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Richard Owen Sample, by counsel Jonny C. Woods, II, appeals the Circuit Court of Wood County's June 10, 2020, order sentencing him to four years of incarceration following his conviction for use of obscene matter with intent to seduce a minor. Respondent State of West Virginia, by counsel Patrick Morrisey and Mary Beth Niday, filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted on one count of use of obscene matter with intent to seduce a minor and one count of display of obscene matter to a minor. Petitioner's three-day trial on these charges began on March 11, 2020. The victim, who was eight years old at the time of trial and seven at the time of petitioner's conduct, testified that she, while alone with petitioner in his kitchen, "was jumping around [on petitioner] and . . . accidentally pulled down his pants." The victim testified that petitioner's underwear did not come down with his pants, but petitioner then pulled his penis out of his underwear and "told [the victim] to suck it." The victim told petitioner "no," and the victim said that he then "pulled his pants back up and got me a Honey Bun."

The victim's mother testified that she has known petitioner most of her life and allowed the victim to stay with petitioner overnight occasionally on weekends. On March 17, 2019, following one such weekend, the victim's mother picked up the victim from petitioner's home and found petitioner to be "very frantic, running around looking for [the victim's] jacket. . . . [H]e had ran downstairs, ran upstairs, still looking for her jacket, and it was hanging on the coat hook right by the door." The victim's mother felt that this interaction was unusual, and after she and the victim

1

returned home, the victim disclosed that petitioner "showed me his penis and asked me to put it in my mouth." The victim's mother then contacted the police.

The Chief of the Williamstown Police Department, Shawn Graham, obtained a statement from petitioner, which was played for the jury. In that statement, petitioner reported that the victim intentionally tried to pull his pants down three separate times during the weekend that she stayed with him. Petitioner also acknowledged instructing the victim not to tell anyone. Although petitioner initially vehemently denied telling the victim to suck his penis, after Chief Graham prodded, petitioner eventually acknowledged making the statement but claimed it was "a teaching moment."

The jury found petitioner guilty of use of obscene matter with intent to seduce a minor but not guilty of display of obscene matter to a minor. Petitioner moved to set aside the guilty verdict on the grounds that the evidence was insufficient to support his conviction and that the jury rendered inconsistent verdicts.[1] Finding that there was sufficient evidence to sustain the verdict and declining to "get into the minds of the jury to determine what they were thinking" with respect to the claimed inconsistent verdicts, the court denied petitioner's post-trial motion at petitioner's June 3, 2020, sentencing hearing. The court then sentenced petitioner to four years of incarceration for his use of obscene matter with intent to seduce a minor conviction, which was memorialized in the court's June 10, 2020, sentencing order. This appeal followed.

In petitioner's lone assignment of error, he argues that there was insufficient evidence to support his conviction.[2] Petitioner maintains that, "in addition to asking the victim to suck it," he was alleged to only have displayed his sex organs, so he was guilty only of indecent exposure. Below, the State relied on *State v. Simons*, No. 11-0917, 2012 WL 3079097 (W. Va. Apr. 16, 2012)(memorandum decision), in asserting that there was sufficient evidence to support petitioner's conviction. Petitioner claims this reliance was misplaced, though, because "in *Simons* the fact pattern was different than in the case at bar." Specifically, the defendant in *Simons* lay down and masturbated in front of his victim for forty-five minutes, but petitioner "did not l[ie] down on a love seat and masturbate for forty-five minutes," and he highlights that the question he posed to his victim "likely took a second or two." Petitioner also disclaims any evidence of intent, emphasizing that his victim pulled his pants down. He further denies that his conduct constitutes "matter" because it was not a "public or commercial live exhibition," and he denies that exposing his penis amounts to a "display," as he did not "place[] or exhibit[] matter on a billboard, viewing screen, theater, [or] newsstand." W. Va. Code § 61-8A-1(i), -1(d).

In challenging the sufficiency of the evidence to support his conviction, petitioner "takes on a heavy burden." Syl. Pt. 3, in part *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995). This Court

> must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility

---

[1] Petitioner also moved, at the close of the State's case-in-chief, for judgment of acquittal.

[2] In petitioner's brief, he raised a second assignment of error challenging the jury's verdicts as inconsistent. He has withdrawn that assignment of error, however, so it is not addressed.

2

assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.

*Id.*, in part. "[T]he relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt," *id.* at 663, 461 S.E.2d at 169, Syl. Pt. 1, in part, and our "review is highly deferential to the jury's verdict." *State v. Thompson*, 240 W. Va. 406, 414, 813 S.E.2d 59, 67 (2018).

Under West Virginia Code § 61-8A-4,

[a]ny adult, having knowledge of the character of the matter, who knows or believes that a person is a minor at least four years younger than the adult, and distributes, offers to distribute or displays by any means any obscene matter to the . . . minor . . . and such distribution, offer to distribute, or display is undertaken with the intent or for the purpose of facilitating the sexual seduction or abuse of the minor, is guilty of

use of obscene matter with intent to seduce a minor. "Display" means "to show, exhibit or expose matter, in a manner visible to general or invited public, including minors." *Id.* § 61-8A-1(d). "Matter" includes, but is not limited to, any "visual, audio, or physical item, article, production transmission, publication, exhibition, or live performance." *Id.* § 61-8A-1(i). Finally, "obscene matter" is defined as matter that

(1) An average person applying contemporary adult community standards, would find, taken as a whole, appeals to the prurient interest, is intended to appeal to the prurient interest, or is pandered to a prurient interest; (2) An average person, applying community standards, would find depicts or describes, in a patently offensive way, sexually explicit conduct; and (3) A reasonable person would find, taken as a whole, lacks serious literary, artistic, political or scientific value.

*Id.* § 61-8A-1(k).

In *Simons*, the defendant argued on appeal that the count of the indictment charging use of obscene matter with intent to seduce a minor should have been dismissed for a number of reasons, including that he should have been charged with indecent exposure instead. 2012 WL 3079097 at *2. In rejecting the *Simons* defendant's challenge, we found that "it is obvious that the display of the human body can constitute obscene matter for the purposes of" use of obscene matter with intent to seduce a minor, and we found that "the fact that the crime of indecent exposure exists does not preclude the petitioner's conviction for the crime of use of obscene matter with the intent to seduce a minor." *Id.* We found this "especially true when the [*Simons* defendant's] intent is taken into consideration," as manifested in his repeated statements about "getting a piece of ass off [the victim]" as he was naked and masturbating in front of him. *Id.* at *1-*2. In other words,

3

[the *Simons* defendant's] conduct went well beyond the simple display of his sexual organs, which constitutes indecent exposure under West Virginia Code § 61-8-9(a). Based upon the victim's testimony, it is obvious that the [*Simons* defendant's] intent in displaying the obscene material at issue here was to seduce the child.

*Id.* at \*2. We, therefore, concluded that the court did not err in denying the motion to dismiss the count of the indictment charging use of obscene matter with intent to seduce a minor "because [the *Simons* defendant's] naked body and his sexual[ly] explicit actions and speech constitute obscene matter for the purposes of West Virginia Code § 61-8A-4." *Id.*

Petitioner's arguments on appeal take an overly restrictive view of the *Simons* decision and the relevant statutory definitions. *Simons* did not hold that the only way in which one may commit use of obscene matter with intent to seduce a minor is by the precise conduct at issue there; "[m]atter" is defined broadly and includes more than a "public or commercial live exhibition"; and one may "display" matter in ways besides placing it on a billboard or newsstand or exhibiting it on a screen. Put simply, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt based upon petitioner showing, exhibiting, or exposing his penis to the minor victim and asking her to suck it, thereby demonstrating his intent to facilitate the sexual seduction or abuse of his victim.[3] By showing, exhibiting, or exposing his penis, petitioner "displayed" "obscene matter." *See* W. Va. Code §§ 61-8A-1(d), -1(k); *see Simons*, 2012 WL 3079097 at \*2 (finding that "the display of the human body can constitute obscene matter"). Additionally, as "matter" is defined to include any "physical item, article, . . . exhibition, or live performance," petitioner's exhibition of his penis before his victim was sufficient to constitute "matter." W. Va. Code § 61-8A-1(i). Finally, the fact that the victim may have been the one who pulled petitioner's pants down does not diminish the evidence of intent where, instead of pulling his pants back up, petitioner pulled his penis out of his underwear and requested that his victim suck it. Thus, petitioner has failed to demonstrate that "the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt," so he is entitled to no relief. *Guthrie*, 194 W. Va. at 663, 461 S.E.2d at 169, Syl. Pt. 3, in part.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 12, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton

---

[3] Petitioner does not dispute that he is an adult, that his victim was a minor who was at least four years younger than him, or that he had "knowledge of the character of the matter." W. Va. Code § 61-8A-4.